IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANELLE GULLEY, :
o/b/o D.A., :
 :
    Plaintiff, :
 :
v. : CIVIL ACTION 09-0439-M
 :
MICHAEL J. ASTRUE, :
Commissioner of :
Social Security, :
 :
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 42 U.S.C. § 1383(c)(3), Plaintiff[1] seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children (hereinafter *SSI*) (Docs. 1, 15). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be

---

[1]Though this action was actually filed by his godmother and legal guardian, the Court will refer to the minor child as the Plaintiff (*see* Doc. 16, p. 1 n.1). For privacy reasons, the Court will refer to Plaintiff as Gulley.

**DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fourteen years old (Tr. 33) and had completed a seventh-grade education (*see* Tr. 223). In claiming benefits, Plaintiff alleges disability due to ADHD and depression (Doc. 15 Fact Sheet).

The Plaintiff filed an application for SSI on October 27, 2006 (Tr. 74-78). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Gulley had severe impairments, they were not so severe that they met or equaled the requirements to satisfy any of the Listed Impairments (Tr. 9-29). Plaintiff requested review of the hearing decision (Tr. 6-8) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence. Specifically, Gulley alleges that: (1) The ALJ did not properly consider the opinions and conclusions of his treating physician; and (2) he meets, or equals, the requirements of Listing 112.11 (Doc. 15). Defendant has responded to—and denies—these claims (Doc. 16). The relevant evidence of record follows.

Daphne Middle School records demonstrate that Plaintiff, generally, performed poorly in his sixth-grade academic studies (T. 104-25). Gulley was repeatedly subjected to on-campus detentions, suspensions, and loss of privileges for horseplay and other disruptive behavior (Tr. 106-07, 117).

On October 18, 2006, Dr. Bernard Bergman, of Baldwin County Mental Health, performed an initial assessment of Gulley and diagnosed him to have a depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, combined type, and oppositional defiant disorder (Tr. 178-81; *see* Doc. 15, p. 6). Bergman recommended individual psychotherapy and prescribed Adderall.[2]

One of Plaintiff's teachers, Tonya Chestang, completed a questionnaire on November 3, 2006 in which she stated that she had had Gulley in her sixth-grade English class for three months and that his written language was only at a third grade level

---

[2]*Adderall* is an amphetamine used for the treatment of Attention Deficit Disorder with Hyperactivity. *Physician's Desk Reference* 2395-96 (52nd ed. 1998).

3

(Tr. 139-46). In the questionnaire, Chestang indicated the following: In the category of acquiring and using information, Plaintiff had obvious problems in understanding school and content vocabulary, comprehending and doing math problems, expressing ideas in written form, learning new material and applying problem-solving skills in class discussions; he had serious problems in reading and comprehending written material and providing organized oral explanations and adequate descriptions (Tr. 140). Under the category of attending and completing tasks, Gulley had obvious problems with changing from one activity to another without being disruptive, completing class/homework assignments, completing work accurately without careless mistakes, and working at reasonable pace/finishing on time; he had serious problems with organizing his own things or school materials and working without distracting self or others (Tr. 141). In the category of interacting and relating with others, Plaintiff had obvious problems with playing cooperatively with other children, making and keeping friends, seeking attention appropriately, asking permission appropriately, following rules in the classroom, in games, and in sports, relating experiences and telling stories, introducing and maintaining relevant and appropriate topics of conversation, taking turns in a conversation, and interpreting meaning of facial expression, body language, hints, and sarcasm; he had

4

serious problems in using language appropriate to the situation and listener and using adequate vocabulary and grammar to express thoughts/ideas in general, everyday conversation (Tr. 142). In caring for himself, Chestang indicated that Gulley had obvious problems in using good judgment regarding personal safety and dangerous circumstances, identifying and appropriately asserting emotional needs, and responding appropriately to changes in his own mood; he had no serious problems (Tr. 144). The teacher noted that Plaintiff took medication which changed his behavior in that after he took it, he was respectful, did not constantly make noise, and did his classwork (Tr. 145).

On November 14, 2006, Susan McNair, M.S., with the Baldwin County Mental Health Center, examined Plaintiff and administered several tests, including the WISC-IV on which Gulley scored a Full Scale IQ score of 83, which was considered to be low average (Tr. 183-87). Results from the Wechsler Individual Achievement Test demonstrated that Plaintiff read at a third grade level, performed mathematics at a mid-fourth grade level, and could spell at just under the fourth grade level. McNair stated that "[t]est data was indicative of significant symptoms of ADHD as well as depression, anxiety, and PTSD. He acknowledged thoughts of self-harm and he should be carefully monitored for suicide risk" (Tr. 186).

On February 9, 2007, Teacher Chestang completed a disability

evaluation in which she indicated that Gulley had less than marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, caring for himself, and health and physical well-being (Tr. 149-51).[3] In written statements, the teacher noted that Plaintiff had deficits but that he had shown improvement with his medications; it was her belief that he would continue to improve.

On July 3, 2007, Dr. Greg Cummings, with the Baldwin County Mental Health Center, completed a Depression Questionnaire in which he indicated that Plaintiff had a major depressive syndrome characterized by the following: depressed or irritable mood, markedly distinguished interest or pleasure in almost all activities, appetite or weight increase, sleep disturbance, psychomotor agitation or retardation, feelings of worthlessness or guilt, and difficulty thinking or concentrating (Tr. 195; *see generally* Tr. 195-96; *see* Tr. 203). His depression was also characterized by marked impairment in the following: age appropriate cognitive/communicative function, age-appropriate social functioning, personal/behavioral function, and deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (Tr. 195).

---

[3]The Court notes that one page of the evaluation is missing (*see* Tr. 150-51). Because of this, the Court is unsure how Chastang rated Plaintiff's limitations with regard to moving about and manipulating objects. *See* 20 C.F.R. § 416.926a(b)(1)(iv) (2009).

Dr. Cummings also completed an ADHD questionnaire in which he indicated that Gulley suffered from marked inattention, marked impulsiveness, marked hyperactivity, and marked impairment in the following:  age-appropriate cognitive/communication function, age-appropriate social functioning, age-appropriate personal/behavioral function; the doctor also indicated that Plaintiff had frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (Tr. 196).  Cummings indicated that he had only treated Gulley once, five months prior to the completion of these two questionnaires (Tr. 196).

A disability evaluation was completed by Beth Craft, M.S., on July 3, 2007 which indicated that Plaintiff had marked limitations in acquiring and using information, attending and completing tasks, interacting and relating with others, caring for himself, and in his health and physical well-being (Tr. 197-200).  The Social Worker also completed an ADHD questionnaire on that same date which found Gulley to have marked inattention, impulsiveness, and hyperactivity, as well as marked limitations in age-appropriate cognitive/communication function, age-appropriate social functioning, age-appropriate personal/behavioral function and that he had frequent deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (Tr. 201).  Craft

7

indicated that she had treated Gulley five times over the course of nine months (Tr. 201).

On July 17, 2007, Dr. Cummings examined Plaintiff who indicated that he was compliant with his medication which had improved his concentration and attention span; however, he was still oppositional and defiant at home (Tr. 203; *see generally* Tr. 203-04).  Gulley had gone to summer school, passed two courses, and would be advancing to the eighth grade.  Cummings noted that Plaintiff was in no apparent distress, was cooperative, had good eye contact, and was euthymic; thought processes were fairly logical but not goal-oriented.  "He was very oppositional and defiant throughout the interview" (Tr. 203).  The doctor's assessment was that Gulley "continue[d] to experience chronic symptoms related to ADHD and childhood abuse with a high level of anxiety" (Tr. 204).

On January 8, 2008, Dr. Cummings examined Plaintiff and noted that he had begun an educational program, the SOAR Program, to help him with his concentration; he had also undergone some medication changes (Tr. 223-24).  The doctor noted that Gully was in no apparent distress, was euthymic, and that he denied depression or suicidal thoughts.  Thought processes were normal but not clearly goal-oriented; he was less oppositional and defiant than in the previous examination.  It was Dr. Cummings' opinion that Plaintiff was still experiencing chronic symptoms of

ADHD and anxiety.  A month later, the doctor noted that the SOAR Program and medicinal changes were bringing about improvement (Tr. 222).  On March 11, Dr. Cummings noted that Gulley had reported having "significant problems with his concentration and attention span and [was having] a difficult time staying on task while requiring frequent redirection" (Tr. 220).  The doctor found Plaintiff to be in no apparent distress, cooperative, with good eye contact; he was euthymic with fairly logical thought processes, consistent with his age and level of development.  He was never oppositional or defiant.

On July 10, 2008, Psychologist C. Van Rosen examined Plaintiff and administered the WISC-IV on which he received a Full Scale IQ score of 83, the low average range of intellectual functioning; Rosen noted that he had an extremely low processing speed though all other measures were average (Tr. 206-17).  Gulley reported that he wanted to play football and was lifting weights toward that end; he had also recently helped his uncle repair some homes in Daphne which Plaintiff found satisfying.  Van Rosen's impression was as follows:

> [Plaintiff] appears to be best diagnosed with
> Attention-Deficit/Hyperactivity Disorder,
> Predominantly Inattentive Type and Major
> Depressive Disorder with Atypical Features.
> He also appears to have symptoms of
> Disruptive Behavior Disorder, Not Otherwise
> Specified.  He is viewed as currently having
> moderate difficulty functioning in an age-
> appropriate manner, communicatively,

9

> socially, adaptively, behaviorally, and similarly in concentration, persistence, and pace. *Psychologically*, he appears to have a moderate restriction of activities, and moderate constriction of interests. He appears to have severe impairment in his ability to relate to others interpersonally.
>
> Based on the psychological aspects of this evaluation, [Plaintiff] appears moderately hindered in his ability to understand, remember, and carry out instructions in an age-appropriate educational situation and would be moderately to severely hindered in his capability to respond appropriately to supervision, peers, or academic related stress in a traditional teaching environment.

(Tr. 213). Rosen discounted the previous diagnosis of Post Traumatic Stress Disorder; the Psychologist noted Gulley's improvement in academic performance and the reduction in ADHD symptoms. Rosen completed a Mental Source Opinion Form[4] in which he indicated that he thought that Plaintiff was markedly limited in the following abilities: to respond appropriately to supervisors, co-workers, customers or other members of the general public; use judgment in detailed or complex work-related decisions; deal with changes in a routine work setting; understand, remember, and carry out detailed or complex instructions; maintain attention, concentration or pace for periods of at least two hours; and maintain social functioning

---

[4]Defendant has asserted that Rosen "used the form for adults instead of the form for children" (Doc. 16, pp. 6-7). This would appear to be correct as the abilities evaluated are work-related.

(Tr. 216-17).

The ALJ faithfully reviewed all of the submitted evidence and determined that although Gulley had severe impairments, they were not so severe that they met or equaled the requirements to satisfy any of the Listed Impairments (Tr. 9-29). In reaching this decision, the ALJ assigned "significant evidentiary weight to the opinion of Greg Cummings, M.D., that the claimant is getting better" (Tr. 23). The ALJ rejected the opinions of Social Worker Craft and Psychologist Rosen whose conclusions that Gulley had marked limitations "are far too drastic for a claimant who is digging his way out of abuse issues and trying to connect with other peers through football" (*id.*). The ALJ went on to find that Plaintiff had less than marked limitations in the following domains: acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for himself; he found no limitations in the domains of moving about and manipulating objects and health and physical well-being (Tr. 23-28).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physicians. Gulley has referred to Dr. Cummings as the treating physician (Doc. 15, p. 4). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-

11

examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[5] *see also* 20 C.F.R. § 404.1527 (2009).

As noted, the ALJ gave substantial weight to Dr. Cummings's conclusions (Tr. 23). Though the doctor initially indicated that Gulley had marked impairments (Tr. 195-96), he had only examined Plaintiff once at that time. His more recent notes indicate that although Gulley was still suffering deficits, he had shown improvement, both academically and in attitude (Tr. 222). The Court finds that the ALJ has properly considered Dr. Cummings's notes and rendered a decision substantially supported by them.

Plaintiff has next argued that he meets, or equals, the requirements of Listing 112.11, Attention Deficit Hyperactivity Disorder, the requirements of which are as follows:

> Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
> A. Medically documented findings of all three of the following:
>     1. Marked inattention; and
>     2. Marked impulsiveness; and
>     3. Marked hyperactivity;

---

[5]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

AND
> B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.11 (2009). The criteria of paragraph of B2 of Listing of 112.02 are:

> a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
> c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
> d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 112.02B2 (2009).

Again, as previously noted, the ALJ found that Plaintiff did not meet or equal these Listing requirements. The Court notes that "[t]he law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2009). Plaintiff has not demonstrated twelve continuous months of inability.

With regard to Listing 112.11, the Defendant concedes that Gulley meets the requirements of subsection A (Doc. 16, p. 11). ("The Commissioner recognizes that [Plaintiff] has serious impairments that affected his ability to function"). However, the Government argues that Gulley has not met the entire Listing because the requirements of subsection B have not been met (Doc. 16, pp. 11-13). The Court finds that the evidence supports that argument.

With regard to age-appropriate cognitive/communicative functioning (Listing 112.02B2a), the Court notes that two different IQ tests demonstrated that Gulley had only a low average range of intellectual functioning. Even though Dr. Cummings noted some difficulties in his ability to communicate, he noted that Plaintiff had completed two courses in summer school to advance to the eighth grade.

With regard to age appropriate social functioning (Listing 112.02B2b), though initial reports indicated multiple instances of disciplinary action being taken against Gulley at school, more recent reports of such do not exist in the record. Additionally, Plaintiff took up football in school over a year ago; football is a team sport, necessitating his cooperation, *i.e.*, social functioning, to have any success.

With regard to age appropriate personal functioning (Listing 112.02B2c), Gulley has been taking his medications, has shown improvement in school, taken up weight training to aid his goal of being a football player, and helped his uncle do some repair work on several houses, from which he received great personal satisfaction. There is no demonstration of marked impairment.

The final requirement is difficulties in maintaining concentration, persistence, or pace (Listing 112.02B2d). The evidence demonstrates that although Plaintiff has consistently had problems with his concentration, his medications have decreased the impact. Though Gulley may be behind other students his own age, he has persisted in his efforts and has managed to advance his studies and his personal growth.

Plaintiff has not demonstrated that he meets or equals the requirements of subsection B of Listing 112.11 as he has not shown that he has marked impairments in two of the four criteria.

Based on the improvement noted by Dr. Cummings, the Court

finds substantial evidence to support the ALJ's determination that Gulley does not meet the requirements of any of the Listings. Though Gulley has referenced other medical records besides those of Dr. Cummings, the ALJ specifically rejected the conclusions of Social Worker Craft and Psychologist Rosen; noting that those opinions were each rendered after a single examination, the Court finds that the ALJ's decision in this regard to be supported by substantial evidence as well.

Plaintiff has raised two different claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 1st day of March, 2010.

                                        s/BERT W. MILLING, JR.
                                        UNITED STATES MAGISTRATE JUDGE